**COURT OF CHANCERY**
OF THE
**STATE OF DELAWARE**

A<small>NDRE</small> G. B<small>OUCHARD</small>
C<small>HANCELLOR</small>

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: November 18, 2014
Date Decided: December 3, 2014

Kevin R. Shannon, Esquire
Berton W. Ashman, Jr., Esquire
Christopher N. Kelly, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19899

Kurt M. Heyman, Esquire
Melissa N. Donimirsky, Esquire
Proctor Heyman LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801

Gregory P. Williams, Esquire
Lisa A. Schmidt, Esquire
Robert L. Burns, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Susan Wood Waesco, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899

> RE:   ***In re TransPerfect Global, Inc.***
> Civil Action No. 9700-CB

Dear Counsel:

On November 18, 2014, I took under advisement after oral argument the motion of plaintiff Elizabeth Elting ("Elting") for the appointment of a temporary custodian "with authority to resolve deadlocks relating to the management of the business and affairs of TransPerfect Global, Inc. ["TPG" or the "Company"] and its wholly owned subsidiaries . . . pending the disposition of the parties' claims in Civil Action Nos. 9686-CB and 9700-CB." A trial in those actions has been scheduled on an expedited basis to begin on

February 23, 2015, to resolve, among other things, Elting's petition for the appointment of a custodian under 8 *Del. C.* § 226(a)(2).

As discussed below, although Elting's motion raises a number of issues that may warrant the appointment of a custodian after trial, I do not believe based on the present record that a temporary custodian is urgently needed for the immediate protection of TPG during the relatively short period of time before a trial will be held in this action. For that reason, Elting's motion for the appointment of a temporary custodian is denied.

### 1. Legal Standard

Section 226(a)(2) of the Delaware General Corporation Law provides for the appointment of a custodian to resolve a deadlock when:

> The business of the corporation is suffering or is threatened with irreparable injury because the directors are so divided respecting the management of the affairs of the corporation that the required vote for action by the board of directors cannot be obtained and the stockholders are unable to terminate this division . . . . 8 *Del. C.* § 226(a)(2).

Elting acknowledges that, because she seeks the appointment of an interim custodian until a trial can be held, she also must demonstrate that the "appointment is urgently needed for the immediate protection of the corporation." *Moore v. C.H.M. Enters., Inc.*, 1983 WL 102620, at *2 (Del. Ch. Nov. 9, 1983).

2.      **The Parties' Contentions**

Elting and Philip Shawe ("Shawe") are the co-founders and co-chief executive officers of TPG, which is in the business of providing language and global business services. Elting owns 50% of the outstanding stock of TPG; Shawe owns 49% and his mother, Shirley Shawe, owns the remaining 1%.

Elting contends that she and Shawe are deadlocked on the following eight issues that are critical to the continued success of the Company:

1) Whether TPG should be audited and whether, and under what circumstances, reviewed financial statements[1] should be disseminated to TPG customers.

2) Whether TPG should hire additional employees in its accounting and finance departments.

3) Whether TPG's chief operating officer, chief financial officer, and/or chief technology officer should be terminated for insubordination.

4) Whether TPG should hire a public relations firm to replace the one that was terminated in April of 2014.

---

[1] An accounting firm that reviewed TPG's financial statements as of December 31, 2013 and 2012, described its "review" as follows: "A review includes primarily applying analytical procedures to management's financial data and making inquiries of Company management. A review is substantially less in scope than an audit, the objective of which is the expression of an opinion regarding the consolidated financial statements as a whole." *See also Lola Cars Int'l Ltd. v. Krohn Racing, LLC*, 2010 WL 3314484, at *6 n.77 (Del. Ch. Aug. 2, 2010) (describing difference between a review and an audit of financial statements).

5)   Whether certain advisors to TPG (Gerber & Company, an accounting firm, and Kasowitz Benson Torres & Friedman LLP, a law firm) should be terminated.

6)   Whether TPG should make distributions to its stockholders to cover their tax liabilities arising from TPG's status as a subchapter S corporation.

7)   Whether TPG should make additional distributions to its stockholders out of profits beyond what is necessary to cover their tax liabilities.

8)   Whether TPG should schedule a meeting of stockholders.

According to Elting, the deadlock on these matters cannot be resolved by TPG's board or by a vote of TPG's stockholders because of a fundamental divide that has developed between her and Shawe, who are the only two directors of TPG and who each control 50% of the stock of TPG.[2]  Elting contends that this deadlock threatens TPG with imminent irreparable harm because customers have threatened to cease doing business with TPG and because the deadlock "is plainly causing harm to [TPG]'s reputation" and "harming employee morale, retention, recruitment, and productivity."[3]

Shawe does not dispute that he and Elting disagree on a number of fundamental matters concerning the management of TPG.  Shawe contends, however, that Elting has failed "to show the urgency needed to justify asking the Court immediately to grant her

---

[2] This assumes Shawe controls the 1% of the shares of TPG held by his mother.

[3] Elting Op. Br. 52-54.

the ultimate relief she seeks in this action" because apart from certain "accounting and auditing issues" that were the subject of a separate motion for preliminary injunctive relief by Shawe,[4] the areas of disagreements Elting has identified "have been ongoing for months or years."[5]

> **3.    A Temporary Custodian Is Not Urgently Needed for the Immediate Protection of TPG before Trial**

Based on my review of the preliminary record, Elting has identified a number of areas of fundamental disagreement between her and Shawe that may well support a finding of deadlock and warrant the appointment of a custodian under 8 *Del. C.* § 226(a)(2) after the trial of this action is held and the Court has the opportunity to consider a full record.[6]   The present motion, however, seeks the appointment of a temporary custodian to serve during the interim between now and trial.   In this circumstance, as noted above, the movant must establish that the appointment of a temporary custodian is urgently needed for the immediate protection of the corporation.   In my opinion, Elting

---

[4] On October 2, 2014, Shawe moved to enjoin Elting from attempting to remove, or to impede the provision of services from, two different accounting firms without Shawe's prior written consent.  For the reasons stated on the record, I denied this motion at the conclusion of the hearing held on November 18, 2014.

[5] Shawe Ans. Br. 43-44.

[6] The primary case upon which Elting relies is *Hoban v. Dardanella Electric Corp.*, 1984 WL 8221 (Del. Ch. June 12, 1984).  In that case, however, the decision to appoint a custodian under 8 *Del. C.* § 226(a)(2) was made after trial.

has failed to make this showing with respect to the eight items she has identified, listed above. I address each of them briefly.

Regarding item one, the record shows that TPG and its predecessors have never been audited in the twenty-two year history of the business, and that reviewed financial statements traditionally have been provided to TPG's customers.[7] As such, even if a deadlock presently exists over whether the Company should undergo an audit now and/or change its historical practice of providing reviewed (but not audited) financial statements to customers, the determination of whether a custodian should be appointed to resolve that deadlock can await the trial of this action that will begin in a few months.

Items two, three, four and five concern the alleged need to hire or terminate various employees and/or advisors of the Company. Each of these areas of dispute, however, appears to have been the subject of disagreement between Shawe and Elting for many months and thus I do not believe, based on the limited record before me, that they pose an imminent threat to the business of the Company.[8]

Regarding item six, the record shows that Shawe and Elting have agreed that the Company will make a distribution to cover their tax liabilities for the upcoming quarter

---

[7] *See* Elting Aff. ¶ 7.

[8] In February 2014, Elting attempted to terminate TPG's employment of Kasowitz Benson. Elting Op. Br. Ex. 31. In September 2014, Elting attempted to terminate TPG's relationship with Gerber & Co. Elting Op. Br. Ex. 27. Elting's disagreements with the Company's chief operating officer, chief financial officer and chief technology officer

(*i.e.*, the quarter ending December 31, 2014) and thus there is no urgent need to address this issue at this time.[9] Item seven—whether to make a profit distribution—may be an area of continued disagreement but, again, does not appear to be a matter for which there is an urgent need to protect the Company before trial.

Finally, regarding item eight, the record shows that TPG has not held a stockholders' meeting since its formation in 2007.[10] Moreover, in response to a separate action Elting filed under 8 *Del. C.* § 211 to compel the holding of an annual stockholders' meeting, the parties have agreed to schedule such a meeting for December 8, 2014.[11]

For the foregoing reasons, Elting's motion for the appointment of a temporary custodian is denied.

IT IS SO ORDERED.

Sincerely,

*/s/ Andre G. Bouchard*

Chancellor

AGB/gp

---

date back to August 2013. *See* Elting Op. Br. Exs. 47-48. The Company has not had a public relations firm since April 2014. Elting Op. Br. Ex. 68.

[9] Oral Argument Tr. 147 (Nov. 18, 2014).

[10] Elting Aff. ¶ 1 n.1.

[11] Oral Argument Tr. 92 (Nov. 18, 2014).